UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ben Robert Stewart, # 223006,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Ola A. Johnson, Sarah E. Shipe, and Angie Bryant,<br><br>　　　　　Defendants. | Case No. 0:24-cv-4655-JFA<br><br><br>**ORDER** |

## I.   INTRODUCTION

Ben Robert Stewart ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983 against his post-conviction relief ("PCR") trial attorney Ola A. Johnson ("Attorney Johnson"), his PCR appellate attorney Sarah E. Shipe ("Attorney Shipe"), and York County Clerk of Court Angie Bryant ("Clerk"), (collectively "Defendants"). Plaintiff generally alleges Defendants' actions have hindered his ability to bring a future federal habeas case.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings. Specifically, the Magistrate Judge performed an initial review of Plaintiff's complaint (ECF No. 1) and motion for a temporary restraining order and preliminary injunction. (ECF No. 4). After reviewing these filings, the Magistrate Judge issued a proper form order advising Plaintiff that he had failed to properly complete documents required for service of process (ECF No. 9) and an order and notice informing him of deficiencies in his complaint (ECF No. 10). The orders permitted Plaintiff to provide proposed summonses and forms USM-285 and to file an amended complaint. (ECF Nos. 9, 10).

1

On September 20, 2024, Plaintiff filed proposed summonses, forms USM-285, and objections to the order and notice. (ECF Nos. 12, 13, 14). He subsequently filed additional proposed summonses and forms USM-285. (ECF No. 17). However, he did not file an amended complaint.

Upon reviewing the above submissions, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report") and opines that this court should deny Plaintiff's motion for a temporary restraining order and further dismiss the matter in its entirety. (ECF No. 22). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this court incorporates those facts and standards without a recitation.

Thereafter, Plaintiff filed 200 pages of objections (ECF No. 30) to the Report along with approximately 800 pages of supporting exhibits. (ECF Nos. 30-1, 31, 32). Thus, this matter is ripe for review.

## II.     STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718

F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. 28 U.S.C. § 636(b).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

The legal standard employed in a motion requesting a temporary restraining order or preliminary injunction is well-settled and correctly stated within the Report. Accordingly, that standard is incorporated herein without a recitation.

### III.    DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and therefore, no further recitation is necessary here. (ECF No. 22). However, a brief review of the relevant facts is necessary to provide context for Plaintiff's objections.

Plaintiff is a state prisoner incarcerated at Lee Correctional Institution. Plaintiff generally alleges Defendants' actions have hindered his ability to bring a future federal habeas case. He maintains Attorney Johnson and Attorney Shipe "knowingly assist[ed] a Judicial officer in conduct that is a violation of applicable rules of judicial conduct or other law against Plaintiff" and "failed to report Misconduct, in the Rules of Professional Conduct, and knew another lawyer ha[d] committed a violation of Rules of professional conduct against Plaintiff and indeed aided to secure Plaintiff's conviction." (ECF No. 1 at 7–8). He claims Attorney Johnson violated the rules of professional conduct and Plaintiff's rights under the Sixth Amendment by failing to file a motion for a new trial or amendment of judgment under S.C.R.C.P. 59. *Id*. at 8.

He states Attorney Johnson and Attorney Shipe intentionally deprived him of federal habeas corpus relief by failing to properly follow procedures for entering a transcript into evidence and refusing to correct a mandated filing. *Id*. at 8, 9. He maintains

4

Attorney Shipe violated rules of professional conduct by failing to report his prior attorneys who damaged his case, "intentionally became a conflict of interest against [him] to secure his conviction," and violated his rights under the Sixth Amendment and to equal protection by failing to follow his instructions to her. *Id*. at 9. He states Attorney Johnson and Attorney Shipe failed to cite or correct fraud in the state court's order of dismissal, "did not cite or correct that the state could not alter or amend provisions of the IAD," and "did not cite that irreparable damage was caused by the states intentional delay tactic," during which Lawanda Valeen Hudson ("Ms. Hudson"), a witness he expected to testify in his favor, died. *Id*. at 10–11. He alleges Attorney Johnson conspired with his criminal trial attorney, who he alleges had conspired with the Solicitor's office to defraud the proceedings, failed to amend, and had not raised his mental disability status. *Id*. at 11. He asserts Attorney Shipe, who works for the Office of Appellate Defense ("OAD"), has a conflict of interest in representing him because he previously reported her boss to the disciplinary counsel and had claimed another attorney in her office was ineffective in pursuing his direct appeal. *Id*. at 31–32.

Plaintiff claims Clerk has denied him access to the court, has violated his rights to petition the courts under the First Amendment and to equal protection of the laws under the Fourteenth Amendment, and has knowingly and intentionally inflicted injury and emotional distress upon him. *Id*. at 15, 19–20. He maintains Clerk has falsely stated Attorney Johnson continues to represent him. *Id*. at 16. He states that despite his representation that Attorney Johnson was no longer his attorney, Clerk returned his motions

5

filed pursuant to S.C.R.C.P. 55 and 59 and other filings to him, noting he could not file pro se because he was represented by Attorney Johnson. *Id*. at 16–19.

Within his 200 pages of objections, Plaintiff sets forth wide-ranging and vague oppositions to the Report. Plaintiff appears to object to every portion of the 31-page Report. (ECF No. 30, p. 26)("Plaintiff objects to pgs. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, and 30). Many of the pages included in this filing reference rules of civil procedure, rules of evidence, case law, or other filings which have absolutely no bearing on the Report. However, when liberally construing Plaintiff's submission, the court has discerned 11 specific objections. Each is addressed below.

Objection 1

Plaintiff first objects to the opening portion of the Report which states:

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the following reasons, the undersigned recommends this matter be dismissed and Plaintiff's motion for a temporary restraining order ("TRO") and preliminary injunction [ECF No. 3] be denied.

ECF No. 22, p. 1). Plaintiff contends that this stated portion "does not properly review the complaints and claims and causes of action filed by the Plaintiff." (ECF No. 30, p. 30). Within this objection, Plaintiff essentially takes issue with the entirety of the Magistrate Judge's review and ultimate conclusion that this claim should be dismissed. Although it is clear that Plaintiff disagrees with the overall analysis used in the Report, this opening

paragraph merely references the rules governing a Magistrate Judge's review of his pleadings and summarizes the proposed outcome. Plaintiff has no grounds to object to such an introduction. Plaintiff's opposition to the substance of the Report's analysis is well noted and addressed in his objections below. However, any disagreement with the introduction is overruled.

Objection 2

Plaintiff next objects to the portion of the Report "regarding I. Factual and Procedural Background." (ECF No. 30, p. 37). Plaintiff avers that the Report's background section is "incomplete and fragmented." (ECF No. 30, p. 39). Plaintiff apparently takes issue with the Magistrate Judge's failure to include a verbatim recitation of the entirety of Plaintiff's previous filings.

As emphasized in the Report, Plaintiff has inundated the court with voluminous filings and exhibits. He has continually failed to refine his allegations and claims as mandated. The court has reviewed Plaintiff's filings and finds that the Report accurately includes the Magistrate Judge's attempt to succinctly summarize Plaintiff's vast claims. Accordingly, Plaintiff's objection on this point is misplaced. The Report provides sufficient background to allow for thorough analysis of his claims when liberally construed.

Objection 3

Within this objection, Plaintiff takes issue with the Report's reference to "matters of public record." (ECF No. 30, p. 47). Plaintiff objects to this portion of the Report because

"it did not cite all the documents that are mentioned and relevant in fact finding that was filed with the York Count Clerk's office . . . ." (ECF No. 30, p. 54-55).

Here again, Plaintiff takes issue with the Magistrate Judge's failure to include every single page of a voluminous state court record when attempting to recount the facts most relevant to Plaintiff's claims here. The Magistrate Judge cannot be faulted for failing to outline every document filed in Plaintiff's numerous state court actions. The Report fairly and accurately accounts for the relevant matters of public record needed to adjudicate the instant action. Plaintiff's objections to the contrary are overruled.

Objection 4

Plaintiff next objects to the procedural background section of the Report. (ECF No. 30, p. 64). Plaintiff supports this objection by arguing that this portion of the Report "does not consider the full events leading to the federal district and Plaintiff's Section 1983 and request for injunctive and temporary restraining order." (ECF No. 30, p. 64-65).

Plaintiff's objections are misplaced. This portion of the Report outlines the procedural background of the events occurring in this court since the inception of the instant federal lawsuit. Plaintiff's desire to include all "events leading to the federal district court" is thus an improper objection here.

Objection 5

Plaintiff's next objection takes issue with the Report's "standard of review" section wherein the Magistrate Judge discussed 28 U.S.C. § 1915[1] and Federal Rule of Civil Procedure 8. (ECF No. 30, p. 124).

Within this objection, Plaintiff appears to disagree with the Magistrate Judge's application of these standards, not necessarily the standards themselves. Accordingly, this objection is misplaced. Objections to the Magistrate Judge's analysis are discussed in further detail below. Accordingly, this objection is overruled.

Objection 6

The next objection relates to the Report's recommendation of dismissal pursuant to Rule 41. (ECF No. 30, p. 134). In the Report, the Magistrate Judge recommends that this action be dismissed under Rule 41 because Plaintiff has failed to comply with a court order. Essentially, the Magistrate Judge ordered Plaintiff to comply with Rule 8 of the Federal Rules of Civil Procedure by filing an amended complaint containing only short and plain statements to support his claims. Plaintiff declined this invitation and instead filed additional materials which he asked the Magistrate Judge to incorporate into his pleadings. Plaintiff now takes issue with the conclusion this his action is subject to dismissal.

---

[1] Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

The court has thoroughly reviewed Plaintiff's initial complaint, subsequent filings, and the hundreds of additional pages filed along with his objections. It is clear that Plaintiff refuses to heed this court's warnings. Instead of availing himself of the opportunity to refine his claims into a cognizable form, Plaintiff has instead doubled down and submitted hundreds of more pages containing thousands of additional statements, claims, and exhibits. The court cannot allow such actions. Although pro se, Plaintiff is still held to the pleading standards of Rule 8. *McCrea v. Fargo*, C/A No. RDB-18-2490, 2019 WL 2513770, at *7 (D. Md. Jun. 17, 2019) ("Although pro se filings are generally afforded charitable construction, they are not absolved from the requirements of Rule 8," and "[p]ro se Complaints marred by shotgun pleading, which renders impossible any attempt to decipher which allegations of fact are intended to support which claims for relief, warrant dismissal.")

Rule 8 of the Federal Rules of Civil Procedure requires a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). It further provides: "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d). The court agrees that allowing Plaintiff to flood the court with additional filings that he seeks to incorporate into his pleadings would circumvent the requirement in Fed. R. Civ. P. 8(a)(2) that a complaint contain "a short and plain statement of the claim showing the pleader is entitled to relief." *See Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013) (noting attachments to a complaint can be "stricken without bothering to read").

Plaintiff has been repeatedly warned that his complaint is a "shotgun pleading," defined as one that "fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading" or one in which "it is virtually impossible to know which allegations of fact are intended to support which claims for relief." *Sun Trust Mortgage, Inc. v. First Residential Mortg. Servs. Corp.*, C/A No. 3:12-162, 2012 WL 7062086, at *7, 2012 WL 7062086, at *7 (E.D. Va. Sept. 11, 2012). Despite this, Plaintiff continues to add vague and widespread allegation to his pleadings.

Plaintiff has yet again refused to comply with a court order or attempt to refine his claims in any way. There is nothing to suggest that any further orders from this court will cause Plaintiff to provide an amended complaint that complies with Fed. R. Civ. P. 8. Thus, there appears no other appropriate sanction for Plaintiff's repeated abuses. Accordingly, the Report correctly concludes that Plaintiff's claims are subject to dismissal pursuant to Rule 41.

Objection 7

Within this objection, Plaintiff challenges the Report's analysis of his motion for a preliminary injunction and TRO. (ECF No. 30, p. 142). In support of this objection, Plaintiff asserts a new round of arguments as to why he is entitled to a TRO. Unfortunately, these arguments do not alter the Report's conclusion.

First, Plaintiff avers he is likely to succeed on the merits. However, as shown above, this action is subject to immediate dismissal and therefore Plaintiff will not prevail. Even

if Plaintiff's claims were not subject to immediate dismissal, he has still unable to meet the remaining *Winter* factors.[2]

As to likelihood of success on the merits, the Report points out that Plaintiff's claims contain baseless allegations which are devoid of facts sufficient to support his claims. Plaintiff's objections fail to show how this conclusion is in error.

Moreover, as noted in the Report, Plaintiff cannot show he is likely to suffer irreparable harm because he has failed to show what harm may befall him if the CDs requested are not returned to him. Moreover, Plaintiff has not shown an injunction would be in the public interest as his claims only concern himself. Thus, Plaintiff's renewed attempts to justify his request for a TRO fall flat.

Objection 8

Plaintiff's next objection relates to the Report's recommendation that this action be dismissed for failure to comply with the court's order and Rule 8. (ECF No. 30, p. 161). This objection is duplicative of the arguments asserted in Objection 6, which is addressed above, and no further discussion is required here.

---

[2] A party seeking a preliminary injunction or TRO must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)

Objection 9

This objection challenges the "Subject-Matter Jurisdiction and Failure to State a Claim Under § 1983" portion of the Report. (ECF No. 30, p. 169). Plaintiff avers that the Report "did not cite nor review the entire applicable law and claims presented and therefore its conclusion is undeveloped." (ECF No. 30, p. 174). The court disagrees. The Report carefully considered each ground for subject matter jurisdiction presented by Plaintiff. Most of these where wholly inapplicable to Plaintiff's claims. The Report then thoroughly analyzed the subject matter jurisdiction claimed under 28 U.S.C. § 1331[3] by taking a close look at the substance of Plaintiff's claims.

Ultimately, the Report concluded that "Plaintiff has failed to state sufficient facts to support a conspiracy in this case." (ECF No. 22, p. 27). The Report further concluded that while "Clerk is a state actor, her failure to file Plaintiff's motions is, at best, a ministerial mistake that does not give rise to an actionable claim under § 1983." (ECF No. 22, p. 28). Thus, this matter must be dismissed because Plaintiff failed to state claims pursuant to §1983 and the court possess no other source of subject matter jurisdiction. Accordingly, Plaintiff's objections on this point are overruled.

As part of this objection, Plaintiff takes issue with the Report's conclusion that he has failed to state a claim under §1983. However, as stated above, Plaintiff's claims are

---

[3] The district court has jurisdiction under § 1331 over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff attempts to satisfy this jurisdictional ground by stating he is bringing his claim pursuant to 42 U.S.C. § 1983 to recover for Defendants' violations of his Constitutional rights.

subject to dismissal pursuant to Rule 41. Accordingly, any further discussion as to the merits of Plaintiff's claims is unnecessary.

Objection 10

Plaintiff next disagrees with the recommendation that the Clerk is subject to dismissal pursuant to §1915(e)(2)(b) given that she is immune from suit.[4] (ECF No. 30, p. 183). Plaintiff objects "because due process comports with allowing a citizen to redress of grievance provided under 42 U.S.C.A. 1983 . . . ." Respectfully, Plaintiff's objection fails to address the Report's conclusion in a meaningful way.

It is well-settled that court support personnel have immunity from a claim for damages and injunctive relief arising out of their judicial actions. *Chu v. Griffith*, 771 F.2d 78, 81 (4th Cir. 1985). Plaintiff's objections do nothing to alter this conclusion. Accordingly, this objection is also overruled.

Objection 11

Finally, Plaintiff objects to the Report's conclusion and recommendation. (ECF No. 30, p. 198). This objection essentially serves as a summary of Plaintiff's position and expresses his overall disagreement with the Report. However, as discussed above, the court finds no error in the Report and has overruled all of Plaintiff's objections. Accordingly, this final objection is likewise overruled.

---

[4] Pursuant to 28 U.S.C. § 1915(e)(2)(b)(iii), "the court shall dismiss the case at any time if the court determines that—the action or appeal . . . seeks monetary relief against a defendant who is immune to such relief."

To the extent that any other portions of Plaintiff's voluminous filings can be considered objections to the Report, the court finds that they are non-specific and do not warrant *de novo* review. The court has reviewed the Report and the entirety of the record and finds no error.

IV.     CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Plaintiff specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 22). For the reasons discussed above and in the Report, the court denies the motion for temporary restraining order and preliminary injunction. (ECF No. 4). Further this action is summarily dismissed without issuance and service of process.[5]

IT IS SO ORDERED.

February 18, 2025                                                Joseph F. Anderson, Jr.
Columbia, South Carolina                                United States District Judge

---

[5] Plaintiff has also requested an extension of time (ECF No. 34) but does not state why the extension is needed. Plaintiff has fully responded to the Report and no other deadlines exist. Accordingly, this motion is denied as moot given the above dismissal.